IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

SHARRIF K. FLOYD,
individually and as assignee
of The Andrews Institute
Ambulatory Surgery
Center, LLC,

    *Plaintiff*,

v.                                                                        Case No.:  1:23cv12-MW/HTC

ENDURANCE AMERICAN
SPECIALTY INSURANCE
COMPANY, INC., et al.,

    *Defendants*.
_____/

## ORDER GRANTING MOTIONS TO TRANSFER

This is a diversity case concerning (1) whether insurance purchased by The Andrews Institute Ambulatory Surgery Center (the "Andrews Institute") cover the damages Plaintiff suffered during a surgery there; and (2) if not, whether the entities brokering those policies breached duties to the Andrews Institute. In the underlying medical malpractice case, Plaintiff settled with the Andrews Institute and was assigned its rights against its insurers and insurance brokers, who are Defendants here. Defendants USI Insurance Services ("USI") and TDC Specialty Insurance Company ("TDC Specialty"), with the consent of the other Defendants, move to

transfer this case from the Gainesville Division, where Plaintiff resides, to the Pensacola Division, where the Andrews Institute is located.

This Court has considered, without hearing and only in terms of their venue arguments, Defendant USI's motion to transfer venue and to dismiss, ECF No. 25; Defendant TDC Specialty's motion to transfer or dismiss amended complaint without prejudice for improper venue and for extension of time to file answer to amended complaint, ECF No. 26; Plaintiff's opposition to Defendants USI's and TDC Specialty's motions to transfer, ECF No. 30; Plaintiff's opposition to Defendant TDC Specialty's motion to transfer or dismiss amended complaint without prejudice for improper venue, ECF No. 34; and Defendants USI's and Marsh USA, Inc.'s ("Marsh's") joint reply[1] in support of motions to transfer venue and to dismiss, ECF No. 44.[2] For the reasons that follow, Defendants USI's and TDC Specialty's motions to transfer, ECF Nos. 25 & 26, are **GRANTED**.

"An original case must be filed in a division in which venue would be proper if the division was a stand-alone district." N.D. Fla. Local Rule 3.1(B). Venue is proper in "a judicial district in which a substantial part of the events or omissions

---

[1] Defendant Marsh filed, separately from Defendant USI, a motion to dismiss for failure to state a claim, ECF No. 27. That motion did not address venue. This Court permitted Defendants USI and Marsh to file a joint reply in support of their two respective motions. ECF No. 43.

[2] Plaintiff also filed an omnibus opposition to Defendant Marsh's motion to dismiss amended complaint and Defendant USI's motion to transfer venue and to dismiss, ECF No. 38. Plaintiff's omnibus opposition, ECF No. 38, did not discuss the venue issue, which he had already addressed in his earlier opposition, ECF No. 34.

giving rise to the claim occurred . . . ." 28 U.S.C. § 1391(b). Where venue is improper, the district court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a).

"Only the events that directly give rise to a claim" are pertinent to the venue analysis. *Jenkins Brick Co. v. Bremer*, 321 F.3d 1366, 1371 (11th Cir. 2003). "And of the places where the events have taken place, only those locations hosting a 'substantial part' of the events are to be considered." *Id*. Additionally, because the venue statute protects defendants, not plaintiffs, courts must focus on the relevant activities of the former as opposed to the latter. *See id.* at 1371–72 (citing with approval *Woodke v. Dahm*, 70 F.3d 983 (8th Cir. 1995)).

Here, Plaintiff is the Andrews Institute's assignee. Although Plaintiff also sues in his individual capacity, each of his eight counts arises from the relationship between the Andrews Institute, as insured, and Defendants, as insurers and brokers. The insurance policies the Andrews Institute purchased were to protect itself (not Plaintiff or other patients), and the Andrews Institute (not Plaintiff) submitted the claims Defendants refused to indemnify. At all pertinent times, the Andrews Institute has been located in Gulf Breeze, Florida, and affiliated with Baptist Health Care Corporation, which is located in Pensacola, Florida. *See* ECF No. 21-1 at 6; ECF No. 21-2 at 3. These cities are where Defendants contracted with the Andrews

Institute and Baptist Health Care Corporation, where the Andrews Institute conducted business covered under the policies it purchased from and through Defendants, and where Defendants refused to cover the claim underlying this case. Both cities lie in the Pensacola Division.

Nonetheless, Plaintiff argues that Defendants' activities giving rise to his claim occurred not in the Pensacola Division, but in the Gainesville Division. He states that the duties Defendants allegedly owed him "were owed to him in Gainesville," that "the actions taken in derogation[] of those duties all occurred in 2022 while he was residing in Gainesville," and that Plaintiff was harmed as a result "while he lived in Gainesville." ECF No. 30 at 3–4. Implicit in Plaintiff's argument is the assumption that because the Andrews Institute assigned its rights to Plaintiff after Defendants refused to cover its exposure, all duties owed to the Andrews Institute should be considered owed directly to Plaintiff for purposes of venue.

Plaintiff cites no case law to support this assumption, and this Court's own search revealed none. To put it plainly, a party cannot bootstrap its residence into the venue analysis using an assignment occurring after the breach. An assignee "stands in the shoes of" the assignor, but an assignee cannot walk home in those shoes and sue from there. In short, the Andrews Institute's assignment of rights to Plaintiff does not mean that a substantial part of the events directly giving rise to this suit occurred where Plaintiff resides. And because Plaintiff's residence is the only

4

connection between this case and the Gainesville Division, venue is improper in the Gainesville Division. *Accord. Miller v. Meadowlands Car Imports, Inc.*, 822 F. Supp. 61, 64 (D. Conn. 1993) (holding venue in Connecticut improper where the "only Connecticut activities connected to the contracts" were their assignment to the plaintiff, a Connecticut resident, and two checks drawn from Connecticut banks).

According to Defendants USI and TDC Specialty, all Defendants agree this case should be transferred to the Pensacola Division. ECF No. 25 at 15; ECF No. 26 at 6. Venue is proper in the Pensacola Division because, as mentioned above, the Andrews Institute is located there, Defendants provided their services to the Andrews Institute there, and Defendants refused to cover the underlying claim there. This Court concludes, as a result, that transferring this case to the Pensacola Division is in the interest of justice. 28 U.S.C. § 1406(a).

Accordingly,

**IT IS ORDERED:**

1. Defendants USI and TDC Specialty's motions to transfer, ECF Nos. 25 & 26, are **GRANTED**.
2. The Clerk must take all steps necessary to transfer this case to the Pensacola Division of the United States District Court for the Northern

District of Florida and close the file.

**SO ORDERED on May 15, 2023.**

<u>s/Mark E. Walker</u>
**Chief United States District Judge**
